UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENYON N. WARNER,<br><br>        Plaintiff,<br><br>   v.<br><br>WM BOLTHOUSE FARMS INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:17-cv-00217 LJO JLT<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Kenyon Warner is seeking to proceed *in forma pauperis*[1] with an action against Bolthouse Farms.  For the reasons set forth below, his complaint is **DISMISSED** with leave to amend.

**I.     Screening Requirement**

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S.

---

[1] The Court defers ruling on the motion to proceed *in forma pauperis* until the amended complaint is filed.

1

25, 32-33 (1992).

///

## II.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id.*

The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## III.    Factual Allegations

Plaintiff alleges only, "Discrimination wrongful termination removals, suspensions, failures to accommodate and disability." (Doc. 1 at 4, 5)  He asserts as damages, "Lost income, benefits, reimbursement for out of pocket expenses, compensatory damages for mental and emotional pain and suffering and punitive damages."  Id. at 6.  To the complaint, he attaches hundreds of pages of documents, including medical records and a transcript.  However, he offers no factual allegations to support any wrongful act by the defendant or that he is entitled to damages.

**IV.    Discussion and Analysis**

### A.    Disability Discrimination

"The ADA prohibits discrimination against a qualified individual with a disability in regards to terms, conditions and privileges of employment." Gribben v. UPS, 528 F.3d 1166, 1169 (9th Cir. 2008). To make a prima facie case of disparate treatment under the ADA, a plaintiff must show that, within the meaning of the ADA, he: "(1) is disabled; (2) is qualified; and (3) suffered an adverse employment action because of [his] disability." Snead v. Metro. Prop. & Cas. Ins. Co., 237 F.3d 1080, 1087 (9th Cir. 2001). For an act to be considered an "adverse employment action," the act must "materially" affect the compensation, terms, conditions or privileges of the plaintiff's employment. Jefferson v. Time Warner Cable Enters. LLC, 584 Fed. Appx. 520, 522 (9th Cir. 2014); Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008).

### B.    Failure to Accommodate

The failure to provide a reasonable accommodation to a qualified individual with a disability can constitute discrimination under the ADA. 42 U.S.C. § 12112(b)(5)(A); EEOC v. UPS Supply Chain Solutions, 620 F.3d 1103, 1110 (9th Cir. 2010). As relevant here, the term "reasonable accommodation" means "[m]odifications or adjustments that enable a covered entity's employee with a disability to enjoy equal benefits and privileges of employment as are enjoyed by its other similarly situated employees without disabilities." 29 C.F.R. § 1630.2(o)(1)(iii); UPS, 620 F.3d at 1110. While there is no comprehensive list, some "reasonable accommodations" include: job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations. 42

U.S.C. § 12111(9). Bates v. UPS, 511 F.3d 974 (9th Cir. 2007). In order for an accommodation to be "reasonable," it must be effective in enabling the employee to perform his job duties. UPS, 620 F.3d at 1110; Humphrey v. Mem'l Hosps. Assn., 239 F.3d 1128, 1137 (9th Cir. 2001).

Once an employee requests an accommodation, "the employer must engage in an interactive process with the employee to determine the appropriate reasonable accommodation." UPS, 620 F.3d at 1110; Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080, 1089 (9th Cir. 2002). This interactive process requires: "(1) direct communication between the employer and employee to explore in good faith the possible accommodations; (2) consideration of the employee's request; and (3) offering an accommodation that is reasonable and effective." UPS, 620 F.3d at 1110-11; Zivkovic, 302 F.3d at 1089.

An employer who fails to engage in the interactive process in good faith faces "liability for the remedies imposed by the statute if a reasonable accommodation would have been possible." Humphrey, 239 F.3d at 1137-38; Barnett v. U.S. Air, Inc., 228 F.3d 1105, 1116 (9th Cir. 2000) (en banc)[2]; EEOC v. Creative Networks, LLC, 912 F.Supp.2d 828, 837 (D. Ariz. 2012).

**C.     Analysis**

As noted above, the plaintiff fails to set forth any facts to support that the defendat acted unlawfully or that he is entitled to damages. Though the plaintiff has attached numerous documents to his complaint, it is the plaintiff's obligation to plead facts and the Court will not wade through documents in order to try to fashion a complaint on the plaintiff's behalf. Moreover, the Court is not the repository of the plaintiff's evidence. Unless or until filing evidence is needed such as to support a motion to demonstrate, for example, exhaustion of an administrative process[3], the plaintiff SHALL not file his evidence with the Court.

**V.     Leave to Amend the Complaint**

Leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). The Court

---

[2] Vacated on other grounds by U.S. Airways, Inc. v. Barnett, 535 U.S. 391 (2002).
[3] If the plaintiff chooses to file an amended complaint, he SHALL simply attach documents to his complaint. If he wishes the complaint to incorporate the attached document, he must describe the document and refer to it in his complaint.

cannot find with certainty that Plaintiff cannot allege facts supporting a finding that the Court has jurisdiction over the matter.  Further, Plaintiff may allege facts sufficient to support a claim for medical malpractice, if that is the claim upon which he seeks to proceed.  Accordingly, the Court will grant Plaintiff leave to amend the complaint to cure the factual deficiencies of this complaint by alleging additional facts.

Plaintiff is advised that an amended complaint supersedes the original complaint.  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Accordingly, the Court **ORDERS**:

1. Plaintiff's complaint is **DISMISSED** with leave to amend; and
2. Plaintiff is **GRANTED** 30 days from the date of service of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

**Plaintiff is advised that failure to file an amended complaint will be considered to be a failure to comply with a Court's order, and may result in dismissal of this action.**

IT IS SO ORDERED.

Dated:  **February 17, 2017**            /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE