# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON N. WARNER, | Case No.: 1:17-cv-00217 - LJO - JLT |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTIONS TO PROCEED IN FORMA PAUPERIS (Doc. 2, 5) |
| v. | |
| W.M. BOLTHOUSE FARMS, INC., | ORDER DISMISSING THE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| Defendant. | |

     Kenyon Warner seeks to proceed *pro se* and *in forma pauperis* in this action alleging disability discrimination and retaliation by his former employer, W.M. Bolthouse Farms, Inc. (Doc. 4) For the following reasons, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. However, because the facts alleged are insufficient to support a claim for negligence, the complaint is **DISMISSED** with leave to amend.

**I.    Motion to proceed in forma pauperis**

     The Court may authorize the commencement of an action without prepayment of fees when an individual "submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court has reviewed Plaintiff's applications, and finds he satisfies the requirements of 28 U.S.C. § 1915(a). Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

///

## II. Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

The Court must screen the First Amended Complaint because an amended complaint supersedes the previously filed complaints. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.     Factual Allegations**

Plaintiff alleges only: "On or about July 8, 2013, to September 7, 2016, [he] was denied a reasonable accommodation, suspended, and then discharged… because of [his] disability and in retaliation in violation of the Americans with [D]isabilities Act of 1990." (Doc. 4 at 5) In addition, Plaintiff attached a list of exhibits to his amended complaint, indicating he made charges of discrimination with California's Department of Fair Employment and Housing and the Equal Employment Opportunity Commission and, which issued a "Notice of Rights to Sue." (*Id.* at 12)

**V.     Discussion and Analysis**

"The ADA prohibits discrimination against a qualified individual with a disability in regards to terms, conditions and privileges of employment." *Gribben v. UPS*, 528 F.3d 1166, 1169 (9th Cir. 2008); *see also* 42 U.S.C. § 12132. To state a cognizable claim for discrimination in violation of the ADA, a plaintiff must show that, within the meaning of the ADA, he: "(1) is disabled; (2) is qualified; and (3) suffered an adverse employment action because of [his] disability." *Snead v. Metro. Prop. &*

*Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001). Thus, to recover under the ADA, a plaintiff must demonstrate that he is disabled under the act. 42 U.S.C. § 12102(1)(A) (defining disability as "a physical or mental impairment that substantially limits one or more major activities of [an] individual").

The failure to provide a reasonable accommodation to a qualified individual with a disability can constitute discrimination under the ADA. 42 U.S.C. § 12112(b)(5)(A); *EEOC v. UPS Supply Chain Solutions*, 620 F.3d 1103, 1110 (9th Cir. 2010). As relevant here, the term "reasonable accommodation" means "[m]odifications or adjustments that enable a covered entity's employee with a disability to enjoy equal benefits and privileges of employment as are enjoyed by its other similarly situated employees without disabilities." 29 C.F.R. § 1630.2(o)(1)(iii); *UPS Supply Chain Solutions*, 620 F.3d at 1110. While there is no comprehensive list, some "reasonable accommodations" include: job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations. 42 U.S.C. § 12111(9). *Bates v. UPS*, 511 F.3d 974 (9th Cir. 2007). In order for an accommodation to be "reasonable," it must be effective in enabling the employee to perform his job duties. *UPS Supply Chain Solutions*, 620 F.3d at 1110; *Humphrey v. Mem'l Hosps. Assn.*, 239 F.3d 1128, 1137 (9th Cir. 2001).

Once an employee requests an accommodation, "the employer must engage in an interactive process with the employee to determine the appropriate reasonable accommodation." *UPS Supply Chain Solutions*, 620 F.3d at 1110; *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002). This interactive process requires: "(1) direct communication between the employer and employee to explore in good faith the possible accommodations; (2) consideration of the employee's request; and (3) offering an accommodation that is reasonable and effective." *Id.*, 620 F.3d at 1110-11; *Zivkovic*, 302 F.3d at 1089. An employer who fails to engage in the interactive process in good faith faces "liability for the remedies imposed by the statute if a reasonable accommodation would have been possible." *Humphrey*, 239 F.3d at 1137-38; *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1116 (9th Cir. 2000) (en banc); *EEOC v. Creative Networks, LLC*, 912 F.Supp.2d 828, 837 (D. Ariz. 2012).

Here, Plaintiff fails to allege facts sufficient to support his claim for discrimination and failure

to accommodate in violation of the ADA. For example, Plaintiff offers the conclusion that he is disabled, but fails to offer any *facts* supporting that statement, such as by explaining if or how his impairment(s) limit major activities. *See* 42 U.S.C. § 12102(1)(A). Further, Plaintiff fails to state any facts related to the alleged limitations he had that required accommodation, such as whether a physical impairment caused him to need lifting limitations that were denied by his employer, options to stand and walk, or any other limitation.

Without Plaintiff's explanation of what occurred— including what accommodation was requested, whether any accommodation was made or how by his employer— the Court is unable to find that Plaintiff states a cognizable claim for failure to accommodate. As the Court previously informed Plaintiff, it is his obligation to plead *facts* that support his claim, not simply offer legal conclusions.

## VI. Conclusion and Order

Given the lack of factual allegations, the Court is unable to find Plaintiff states a cognizable claim. However, it is not clear whether the factual deficiencies may be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile).

Plaintiff is again advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

In the Second Amended Complaint, Plaintiff **SHALL** include a statement of facts that inform the Court of the basis for his claims. If Plaintiff fails to allege *facts* and again offers only legal

5

conclusions in support of his claims, the Court will find he is unable to do so and recommend dismissal of the action.

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**;
2. Plaintiff's First Amended Complaint is **DISMISSED** with leave to amend; and
3. Within thirty days from the date of service of this order, Plaintiff **SHALL** file a Second Amended Complaint.

**If Plaintiff fails to comply with this order to file a Second Amended Complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**.

IT IS SO ORDERED.

Dated: **May 5, 2017**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE