UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON N. WARNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>W.M. BOLTHOUSE FARMS, INC.,<br><br>　　　　Defendant. | Case No.: 1:17-cv-00217 - LJO - JLT<br><br>ORDER TERMINIATING AS MOOT PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 8)<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT |

Kenyon Warner is proceeding *pro se* and *in forma pauperis* in this action alleging wrongful actions by his former employer, W.M. Bolthouse Farms, Inc. (Doc. 7) Because Plaintiff has failed to allege facts sufficient to support his claims, and the Court finds further leave to amend would be futile, it is recommended the Second Amended Complaint be **DISMISSED** without leave to amend.

## I.　Motion to proceed in forma pauperis

Previously, the Court granted Plaintiff's request to proceed *in forma pauperis* in the action. However, Plaintiff filed another application to proceed *in forma pauperis* with the Second Amended Complaint. (Doc. 8) Because Plaintiff is currently proceeding *in forma pauperis*, the additional application is unnecessary. Accordingly, the motion is terminated as MOOT.

## II.　Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the

1

action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

The Court must screen the Second Amended Complaint because an amended complaint supersedes the previously filed complaints. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

### III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than

a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.      Factual Allegations**

Plaintiff alleges that on July 21, 2013, he suffered an injury "while employed with Bolthouse Farms as a production worker." (Doc. 7 at 5) He asserts he reported the injury to his supervisor, after which he was "sent home and told to take a couple days off." (*Id.* at 5-6) He returned to work on July 25, 2013 but was "still in pain." (*Id.* at 6) Plaintiff alleges he was sent to a doctor, who "kept sending [him] back to work with more [medicine] and restrictions." (*Id.* at 7-8) He reports that he would work but "within a few hours …would go right back to the doctor" due to his pain. (*Id.* at 9)

According to Plaintiff, he went to the Spine and Orthopedic Center on September 6, 2013, at which time Dr. Moelleken prescribed a cane and back brace. (Doc. 7 at 9) In addition, Plaintiff alleges Dr. Moelleken placed him on "TPD modified work duty." (*Id.*)

Plaintiff asserts that the next day at work, he was "suspended…due to what a third party employee stated." (Doc. 7-9) Plaintiff alleges his "suspension was for three days but turned into seventeen days." (*Id.* at 9) He reports he was called in September 24, 2013, at which time he was informed that an "investigation was conducted and it was determined that [Plaintiff] was involved in a verbal confrontation with another employee." (*Id.*) Plaintiff asserts his employment was then terminated. (*Id.*)

3

## V. Discussion and Analysis

The sole cause of action identified by Plaintiff in his second amended complaint is negligence, pursuant to 45 USCS §§ 51-58.[1] (Doc. 7 at 4) Significantly, the provisions of 45 USCS §§ 51-58 apply to the liability of common carriers by railroad, in interstate or foreign commerce. There is no showing that Bolthouse Farms is such a carrier or that 45 USCs §§ 51-58 applies.

Moreover, to the extent Plaintiff seeks to state a negligence claim under California law, the facts alleged fail to state a cognizable claim. Under California law, "[t]he statute of limitations for anegligence action is two years." *Pimentel v. County of Fresno*, 2011 U.S. Dist. LEXIS 10117 at * 16 (E.D. Cal. Feb. 1, 2011) (citing Cal. Code Civ. P. § 335.1) "The statute of limitations for a negligence action begins to run when a plaintiff has cause to sue based on knowledge or suspicion of negligence." *Id.* at *17 (citing *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 803 (2005) (citing *Bristol-Myers Squibb Co. v. Superior Court*, 32 Cal. App. 4th 959, 966 (1995)). Here, Plaintiff alleges his employment with Bolthouse Farms was terminated on September 24, 2013. (Doc. 7 at 9) To the extent Plaintiff seeks to state a negligence claim arising from his employment, he must have known of the cause of action prior to September 24, 2013, yet failed to file a complaint against Bolthouse Farms until February 15, 2017. Consequently, the statute of limitations has run on his claim for negligence under California law.

## VI. Findings and Recommendations

Plaintiff is unable to state a claim for negligence under 45 USCS §§ 51-58, and the claim fails under California law due to the statute of limitations. Therefore, dismissal of the complaint is appropriate. *See Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper where it is obvious that an opportunity to amend would be futile).

Based upon the foregoing, the Court **RECOMMENDS**:

1. Plaintiff's second amended complaint be **DISMISSED** without leave to amend; and

---

[1] Previously, Plaintiff sought to state a claim for disability discrimination in violation of the Americans with Disabilities Act of 1990. (*See* Doc. 1 at 4, 5; Doc. 4 at 5) The Court explained the applicable legal standards and the factual deficiencies of his claim when dismissing both the Complaint and the First Amended Complaint. (Doc. 3 at 3-4; Doc. 6 at 3-5) Plaintiff has now abandoned that claim. Indeed, Plaintiff seems to claim now that his termination resulted from a verbal altercation with a coworker rather than due to any response to his medical condition.

2. The Clerk of Court be directed to close this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **August 17, 2017**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE